# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1298V
UNPUBLISHED

| | |
|---|---|
| FRANKLIN GALLO,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 28, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus Diphtheria<br>acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

　　　　On August 27, 2018, Franklin Gallo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus, diphtheria, acellular pertussis ("Tdap") vaccine administered on September 5, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 5, 2019, a Fact Ruling was issued finding that there is preponderant evidence to establish that the Tdap vaccine alleged as causal in this case was administered to Petitioner in the left deltoid on September 5, 2017. Fact Ruling at 2, 7 (ECF No. 26).

On January 21, 2020, Respondent filed a Rule 4(c) Report indicating that, although he reserves his right to a potential appeal of the factual ruling, he recognizes the factual finding regarding the situs of Petitioner's Tdap vaccination is "the law of the case . . . [and] advises that he will not defend the case on other grounds during further proceedings before the Office of Special Masters." Res. Report at 2 (ECF No. 29).[3]

Respondent indicates that "[i]n light of the Chief Special Master's fact ruling, and medical record evidence submitted in this case, DICP has concluded that petitioner suffered a SIRVA related to his September 5, 2017, Tdap vaccination." *Id.* at 5. Respondent additionally concludes that Petitioner suffered the residual effects of his condition for more than six months. *Id.* Respondent adds that, "based on the record as it now stands and subject to his right to appeal the Findings of Fact, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

[3] Additionally, Respondent clarifies that he is not waiving "any defenses that [he] may assert in the damages phase." Res. Report at 5 n.2.